FILED
United States Court of Appeals
Tenth Circuit

July 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WADLEY DEERE,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 13-5129
(D.C. No. 4:12-CV-00365-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Wadley Deere appeals the district court's order affirming the Commissioner's denial of disability insurance benefits. Mr. Deere contends that an administrative law judge (ALJ) erred in rejecting the opinion of a medical expert and discrediting his testimony. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Deere sought benefits for a closed period dating from April 1, 2003 through December 31, 2003 due to post-traumatic stress disorder, diabetes, low-back problems, and a cardiac condition. After the district court twice remanded the case for further administrative proceedings, an ALJ determined at step four of the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520; *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process), that Mr. Deere was not disabled because he retained the residual functional capacity (RFC) to perform his past work as a case manager. Alternatively, the ALJ concluded at step five that Mr. Deere could perform other sedentary and light work as an admissions clerk, information clerk, or motel clerk. Mr. Deere did not seek review with the Appeals Council but instead initiated this action in the district court.

Proceeding before a magistrate judge, *see* 28 U.S.C. § 636(c), Mr. Deere raised two issues, both of which he advances in this court.[1] Mr. Deere first argued that the ALJ improperly rejected the opinion of Dr. Subramanian Krishnamurthi, a medical expert who testified at Mr. Deere's prior administrative hearings held in 2007 and 2010. At the 2007 hearing, Dr. Krishnamurthi stated that Mr. Deere could stand or walk for two hours in an eight-hour work day, but in 2010 he testified that Mr. Deere could stand or walk for four hours in an eight-hour work day. The ALJ gave the

---

[1] Mr. Deere also raised a third issue challenging the ALJ's RFC assessment, but he has abandoned that argument on appeal.

- 2 -

2010 opinion some weight, but he gave the more restrictive 2007 opinion little weight because it "focused on a time period well after [December 31, 2003]." Aplt. App., Vol. IX at 2143. Mr. Deere asserted that Dr. Krishnamurthi clearly considered his abilities during the relevant time period, but the magistrate judge rejected that argument.

The magistrate judge explained that Dr. Krishnamurthi's testimony from 2007 was "a somewhat rambling summary of [Mr. Deere's] medical history, including records from 2003, 2004, 2006, and 2007." *Id.*, Vol. I at 51. Moreover, the magistrate judge observed that while Dr. Krishnamurthi stated he was "going to give a RFC during, before 2003," *id.*, Vol. III at 530, he also provided the following confusing testimony:

> Dr.: [Mr. Deere] will be able to sit six hours out of an eight-hour day; he would be able to stand and sit together a maximum of –
>
> ALJ: Stand and walk you mean?
>
> Dr.: Huh?
>
> ALJ: Stand and walk?
>
> Dr.: Walk, yeah, actually, two hours would be – and he could be – but, but then he can, there's no problem with the kind of lift or the grasping and, yeah, I'm going to put positional, postural limitations for occasional and the bending, stooping, crawling and the reaching would be frequent and doing that could cause him – cause a little fatigue and which is he had he was telling us. And also he had high blood pressure, so I think – and the, also it is possible that it is reasonable to say that he might need during an eight-hour period, the regular period one or two breaks due to the tiredness, sit down to 15 minutes, it might cause fatigue and low blood sugar can cause that. It's possible.

*Id.* at 530-31.  Given this testimony, the magistrate judge determined that the ALJ's evaluation of the 2007 opinion was supported by substantial evidence.

The magistrate judge also concluded that substantial evidence supported the ALJ's decision to give some weight to Dr. Krishnamurthi's 2010 opinion. Dr. Krishnamurthi attempted to explain the discrepancy between his opinions by noting that Mr. Deere had an arterial stent placed in August of 2003.[2]  *See id.*, Vol. VIII at 2092.  Thereafter, as the ALJ recognized, a cardiologist reported that Mr. Deere was free of chest pain, without shortness of breath, and had returned to usual activities without restrictions.  *Id.*, Vol. IX at 2129; *id.*, Vol. VII at 1745. Although Dr. Krishnamurthi reverted to his previous opinion that Mr. Deere could stand and walk for two hours based on an x-ray showing degenerative disc disease, the ALJ refused to credit that opinion, stating, "[a]fter a considered analysis of [Mr. Deere's] medical records, the undersigned finds no reason to limit [Mr. Deere] to standing or walking less than as supplied in the above-RFC.  This finding is based upon [Mr. Deere's] level of physical activities . . . ."  *Id.*, Vol. IX at 2143.  Given this rationale, the magistrate judge concluded there was no error in the ALJ's decision according some weight to Dr. Krishnamurthi's 2010 opinion but little weight to his 2007 opinion.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("We may

---

[2]    That Mr. Deere had a stent placed in 2003 does not explain the discrepancy between Dr. Krishnamurthi's opinions.  The doctor recognized at the 2007 hearing that Mr. Deere underwent stenting.  *See* Aplt. App., Vol. III at 529.  This lends further support for the ALJ's assessment of Dr. Krishnamurthi's opinions.

- 4 -

not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (brackets and internal quotation marks omitted)).

As for Mr. Deere's second issue—that the ALJ wrongly discredited his testimony—the magistrate judge rejected that argument as well. Mr. Deere testified that he had significant difficulty with standing and walking, yet he also described his activities, which included bow-hunting for deer, rabbit, and squirrel, serving as a deacon at his church, assisting disabled veterans, and playing golf. The ALJ found that Mr. Deere was not credible in part due to his participation in these activities, which the ALJ described as "elucidating." Aplt. App., Vol. IX at 2136. Mr. Deere argued that the ALJ incorrectly assumed these were necessarily strenuous activities, but the magistrate judge ruled that even if the ALJ was wrong about the effort required to participate in these activities, the ALJ discussed other factors relevant to the credibility analysis, including Mr. Deere's failure to seek ongoing treatment for his low-back problems, his inconsistent testimony at each administrative hearing, and inconsistencies between his testimony and the objective medical evidence. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (holding that ALJ completed proper credibility analysis by citing relevant credibility factors and identifying evidence relating to those factors to support his credibility assessment). The magistrate judge therefore concluded that the ALJ properly evaluated Mr. Deere's credibility.

II

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). "We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

On appeal, Mr. Deere reiterates the same contentions—at times verbatim—as those rejected by the magistrate judge. He insists the ALJ improperly rejected Dr. Krishnamurthi's opinion and wrongly discredited his testimony. But the magistrate judge correctly analyzed these arguments under the same standard that governs our review, and we see no reason to recreate that analysis here. Thus, having reviewed the parties' briefs, the relevant legal authorities, and the administrative record, we affirm the Commissioner's decision for substantially the same reasons stated in the magistrate judge's order dated August 16, 2013.

Entered for the Court

Wade Brorby
Senior Circuit Judge

- 6 -